UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>DANIEL GENE SULLIVAN,<br><br>                                    Defendant. | Case No.: 17CR4366-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 65]** |

Pending before the Court is Defendant Daniel Gene Sullivan's Motion to Reconsider Order Denying Motion to Reduce Sentence Pursuant to First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 65). The Court has carefully reviewed its order denying compassionate release in light of Defendant's motion but maintains its view that compassionate release is not appropriate in this case. Accordingly, the motion for reconsideration of the order will be denied.

Defendant contends that reconsideration is warranted based upon new information supporting the need for release and what he contends was the Court's reliance on erroneous law and facts. The new information includes Defendant's transfer to FCI Terminal Island where he is housed in a dormitory setting and a declaration from an emergency room physician confirming both that Defendant's medical conditions place him at extremely high risk of severe complications or death from COVID-19, and the then-existing crisis situation in terms of hospital space in Southern California.

In its initial order, the Court did not question Defendant's assertions about his poor health and the potential severe impact of the COVID-19 virus upon him, the Court found

that Defendant's combined medical conditions satisfied the "extraordinary and compelling" standard for compassionate release.  Were the Court to revisit this determination today, its conclusion would likely differ.  The Bureau of Prisons has undertaken extensive measures to prevent the spread of the COVID-19 virus within its facilities and inmates and staff began receiving vaccinations soon after they became available.  Presently, 296 inmates at FCI Terminal Island have received full inoculations and no inmates are testing positive for the Coronavirus. Federal Bureau of Prisons, "COVID-19 Coronavirus," https://www.bop.gov/coronavirus/ (last accessed April 15, 2021).  Today the risk of contracting the virus is significantly reduced and may no longer present a compelling basis for compassionate release even for those with serious medical conditions.  In any event, the new information provided by Defendant is tempered by current conditions and does not warrant reconsideration of the Court's prior order.

As to Defendant's claims of error, the Court concedes that its order erroneously stated the amount of time served by the defendant.  The Court's order indicated that Defendant had served only 29 months when in fact he had served 35.  Presently, Defendant has served 39 months of his 84-month sentence.  However, the Court maintains its view that this period is inadequate to reflect the seriousness of the offense, particularly when considering Defendant's extensive criminal history.

Defendant also contends that the Court erroneously applied Section 3553(a) and Section 3582(c)(1)(A) by failing to consider the changed circumstances of the pandemic and defendant's rehabilitation in its Section 3553(a) evaluation.  The Court did in fact take both of these factors into consideration, Defendant's rehabilitation was expressly recognized in the order and the extraordinary circumstances of Defendant's incarceration during the pandemic were the root of the entire motion and would have been impossible to ignore.  However, against these factors the Court found even more compelling the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to protect the public from further crimes of the defendant, to provide rehabilitation and treatment, and to avoid sentence disparities.

The Court considered all of the relevant Section 3553(a) factors in its determination; therefore, the Court's Order did not erroneously apply the law.

For the reasons set forth above, the Court concludes that reconsideration of its order denying Defendant's motion for compassionate release is not warranted. Defendant's Motion to Reconsider Order Denying Motion to Reduce Sentence Pursuant to First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) is **Denied**.

IT IS SO ORDERED.

Dated:  April 16, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

17CR4366-JLS